IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN TIMOTHY PRICE,**

                **Petitioner,**

    v.                                                                     **CASE NO. 22-3271-JWL-JPO**

**J. ARMBRISTER, et al.,**

                **Respondents.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner, who is proceeding pro se, is a pretrial detainee facing state criminal charges. He is currently incarcerated at the Douglas County Jail in Lawrence, Kansas, and the case now before the Court concerns two ongoing criminal actions against Petitioner in the District Court of Douglas County, Kansas. The Court has conducted a preliminary review of the petition and will direct Petitioner to show cause, in writing, why this action should not be dismissed under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53-54 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886).

This matter is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2241. Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2241(c)(3). Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's

1

attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the petition, Petitioner identifies the actions he is challenging as having occurred in Douglas County cases 2021-CR-818 and 2021-CR-822. (Doc. 1, p. 2.) The online records of the Douglas County District Court reflect that both of those cases are pending, with trial dates currently set for December 2022. This is not Petitioner's first attempt to attack these state criminal prosecutions by way of federal habeas relief. *See Price v. Armbrister*, Case No. 21-3201-JWL-JPO; *Price v. Kansas*, Case No. 21-3248-SAC. As explained to Petitioner in his most recent § 2241 challenge to the Douglas County criminal prosecutions:

> The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. *Ex Parte Royall*, 117 U.S. 241 (1886). In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act done as required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *Id.* at 251-52. Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").
>
> Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982))..
>
> If the three circumstances are present, federal abstention is mandatory, unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Two varieties of "extraordinary circumstances"

> exist: "(1) where the plaintiff makes a showing of bad faith or harassment by state officials responsible for the prosecution or enforcement action and (2) where the state law or regulation to be applied is flagrantly and patently violative of express constitutional prohibitions." *Id.* at n.4 (citations and internal quotations omitted). However, a petitioner has a "heavy burden" to overcome *Younger* abstention by setting forth "more than mere allegations of bad faith or harassment." *Amanatullah*, 187 F.3d at 1165 (citation omitted).
>
> Although "*Younger* and *Ex Parte Royall* are related doctrines" the Tenth Circuit has stated that *Younger* "addressed a federal court's equitable power to issue an injunction enjoining state proceedings" while *Ex Parte Royall* "involved a request for habeas relief." *Kirk v. Oklahoma*, 2021 WL 5111985, at *2 (10th Cir. Nov. 3, 2021) (unpublished). In finding that *Ex Parte Royall* provided "more specific authority for the dismissal," the Tenth Circuit held that:
>
>> In *Ex Parte Royall*, the Supreme Court held that federal courts have habeas corpus jurisdiction to discharge a state-court pretrial detainee from custody on the basis that his detention violates the constitution. But the Court further concluded that a federal court should not exercise its discretion to exert that power except in very limited circumstances and should instead allow the state court to pass upon constitutional questions in the first instance. Acknowledging exceptions to this rule, the Court pointed to 'cases of urgency[ ] involving the authority and operations of the [federal] government [or] the obligations of this country or its relations with foreign nations.' The Supreme Court has also sanctioned federal habeas relief in a pretrial case where, rather than seeking to litigate a federal defense to a criminal charge, the habeas applicant sought to compel the state to bring him to trial. '[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.' *Id.*
>
> *Kirk*, 2021 WL 5111985, at *2 (internal citations omitted). The Tenth Circuit concluded that the district court did not err by abstaining from interfering in petitioner's state-court criminal proceedings because "[h]is not a 'case[ ] of urgency' involving the imposition of state custody for commission of an act done in pursuance of federal law or under the authority of a foreign state . . . [n]or is he seeking to compel the state to bring him to trial." *Id.*

*Price v. Armbrister*, Case No. 22-3201-JWL-JPO, Doc. 3, p. 2-4.

These legal principles remain sound. Moreover, as in Petitioner's prior § 2241 action, his current petition does not allege the type of circumstances under which *Ex Parte Royall* allows federal-court intervention. *See id.*; (Doc. 1). Petitioner does not allege that the acts for he is being

3

prosecuted in Douglas County were done under the authority of a federal law or foreign government, nor does this case involve foreign relations or present any indication that the State of Kansas should not be allowed to resolve Petitioner's constitutional claims.

Similarly, the three conditions in *Younger* appear to be present. The Douglas County criminal cases against Petitioner are ongoing. The State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws. *See In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007). And the state courts provide an opportunity for Petitioner to present his challenges, including federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993). Thus, it seems that *Ex Parte Royall* and *Younger* require this Court to again decline to interfere in Petitioner's ongoing state criminal proceedings. In short, all of the circumstances that required the Court to abstain in Petitioner's prior § 2241 case remain the same. *See Price v. Armbrister*, Case No. 21-3201-JWL-JPO, Doc. 7 (D. Kan. Oct. 13, 2022) (dismissing under *Younger* and *Ex Parte Royall*).

Petitioner is therefore directed to show cause, in writing, on or before November 28, 2022, why this matter should not be summarily dismissed without prejudice for the reasons stated herein. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is directed to show cause, in writing, on or before November 25, 2022, why this matter should not be summarily dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:   This 25th day of October, 2022, at Kansas City, Kansas.

S/ James P. O'Hara

JAMES P. O'HARA
United States Magistrate Judge
